In the Matter of the Claim of SHIRLEY GOLDBERG, Respondent, against MARCY CORP. and Another, Appellants.
STATE INDUSTRIAL BOARD, Respondent.

Hill, P. J., Rhodes and Heffernan, JJ., concur on the grounds stated by Hill, P. J., in *Matter of Bishop* v. *Comer & Pollock, Inc.* [ante, p. 492], decided herewith; McNamee, J., dissents, with an opinion in which Crapser, J., concurs.

McNamee, J. (dissenting). Claimant was a ticket seller for a moving picture theatre, and in the performance of her duties occupied a small booth on the sidewalk. To provide heat during the month of February, 1936, the employer furnished an electric heater, placed on the floor of the booth, and the claimant was free to turn the switch on and off at will. She testified that when her legs and feet became cold, she turned on the current, and when they became over-heated she turned it off; that at times the electric equipment failed to operate, and that she would sit for hours in the cold; and that as a result of these changes of temperature her feet and legs broke out in blotches and a rash, and became so weak and numb that she found it difficult at times to stand; that her feet were numb when she started to walk; that because of this weak and numb condition she fell repeatedly, once in the presence of the president of her employer.

The proof also shows that the employer instructed and warned her to go to a doctor for examination and treatment; and when leaving the theatre on Sunday night, he told her that she should not come back until she had consulted a physician. On the day following, before reporting for duty, while proceeding from her home to the doctor's office, her legs were weak and she was " very shaky;" and because of her condition she fell on the street, and broke her ankle. There was some evidence that the claimant slipped on the ice, but she testified that while there was snow and ice on the streets, she did not slip, but " collapsed " and fell where there was no snow nor ice, and where the sidewalk was dry.

Doctor Newman was called by the claimant on the day she fell, and he saw her at her home. He testified that she told him that she was on her way to work, and that she slipped on a piece of ice; that there was discoloration of her legs, and the claimant told him that it came from the electric heater; that this discoloration could come from the improper use of the heater. From reports of other doctors it appears that the rash could be produced in the manner indicated. The claimant makes no contention that any accident occurred on the street which caused her to fall, but insists that she fell solely because of her personal weakness. Her claim is that she was suffering from an occupational disease.

The record does not disclose any disease suffered by the claimant other than a rash or blotches on her legs. While such ailment may be regarded as a disease, or the symptoms of disease, there is nothing in the record to indicate further the name or nature thereof. No evidence was offered to show that ticket sellers occupying a booth, or those working in close proximity to an electric heater, are subject to any particular disease, or that either condition is the common cause of disease. It was not shown that claimant's ailment was such a disease as is commonly contracted in the usual and ordinary course of the pursuit of ticket sellers or cashiers generally, or that its cause was normally present in that avocation, nor that it has been found by common experience to be peculiar to or characteristic of the nature of the work performed. In so far as the proof goes, every element of an occupational disease is absent. (See dissenting opinion in *Matter of Bishop* v. *Comer & Pollock, Inc., ante*, pp. 492, 498, decided herewith.)

The fact that claimant fell on the street, as she testified, not because she slipped, or stumbled, or because of any other external mishap, but on account of her

personal weakness, would not warrant an award on the ground of accident. (*Andrews* v. *L. & S. Amusement Corp.*, 253 N. Y. 97.) The findings of the Board that the claimant suffered an accidental injury, and also an occupational disease, were without evidence to support them.

The award should be reversed, and the claim dismissed.

Crapser, J., concurs.